**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>WINDSTREAM HOLDINGS, INC., et al.,<br><br>                Debtors. | Chapter 11<br><br>Case No. 19-22312 (RDD)<br><br>(Joint Administration Requested) |

## NOTICE OF APPEAL

**Part 1: Identify the appellant**

1.      Name of appellant: GLM, DFW, Inc.

2.      Position of appellant in the bankruptcy case that is the subject of this appeal: creditor.

**Part 2: Identify the subject of this appeal**

1.      Describe the judgment, order, or decree appealed from: *Final Order Authorizing the Debtors to Pay Certain Prepetition Claims of (I) Critical Vendors, (II) Lien Claimants, and (III) Section 503(B)(9) Claimants In the Ordinary Course of Business On a Postpetition Basis* [docket no. 377].

2.      State the date on which the judgment, order, or decree was entered: April 22, 2019.

**Part 3: Identify the other parties to the appeal**

1.      Party: Windstream Holdings, Inc. and its affiliated debtors and debtors-in-possession in the above styled and numbered jointly administered bankruptcy case, including, without limitation, Windstream Services, LLC.

2.      Attorney for appellees:

        Stephen E. Hessler, Esq.
        KIRKLAND & ELLIS LLP
        KIRKLAND & ELLIS INTERNATIONAL LLP

601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Accordingly, GLM DFW, Inc. hereby appeals to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 158(a)(1), that certain *Final Order Authorizing the Debtors to Pay Certain Prepetition Claims of (I) Critical Vendors, (II) Lien Claimants, and (III) Section 503(B)(9) Claimants In the Ordinary Course of Business On a Postpetition Basis*, entered on April 22, 2019 at docket no. 377 in the above styled and numbered jointly administered case.  Pursuant to Bankruptcy Rule 8003(a)(3)(B), a copy of said order is attached hereto as Exhibit "A."

RESPECTFULLY SUBMITTED this 2d day of May, 2019.

**MUNSCH HARDT KOPF & HARR, P.C.**


By: /s/ Davor Rukavina
    Davor Rukavina
    Texas Bar No. 24030781
    Admitted *Pro Hac Vice*
    Thomas D. Berghman
    Texas Bar No. 24082683
    Admitted *Pro Hac Vice*
    500 N. Akard Street, Suite 3800
    Dallas, Texas 75201-6659
    Telephone:  (214) 855-7500
    Facsimile:   (214) 855-7584
    E-mail:  drukavina@munsch.com
           tberghman@munsch.com

**COUNSEL FOR GLM DFW, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this the 2d day of May, 2019, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof and that, additionally, he caused true and correct copies of this document to be served by U.S. first class mail, postage prepaid, on the following:

Kirkland & Ellis LLP
Attn.: Stephen E. Hessler, P.C.
601 Lexington Avenue
New York, N.Y. 10022

Office of The United States Trustee
Attn.: Paul K. Schwartzberg and Serene Nakano
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, N.Y. 10014

By: /s/ Davor Rukavina
        Davor Rukavina

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| WINDSTREAM HOLDINGS, INC., *et al.*,[1] | Case No. 19-22312 (RDD) |
| Debtors. | (Jointly Administered) |

**FINAL ORDER AUTHORIZING THE DEBTORS TO PAY**
**CERTAIN PREPETITION CLAIMS OF (I) CRITICAL VENDORS,**
**(II) LIEN CLAIMANTS, AND (III) SECTION 503(B)(9) CLAIMANTS**
**IN THE ORDINARY COURSE OF BUSINESS ON A POSTPETITION BASIS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of a final order (this "Final Order"), authorizing the Debtors to continue their prepetition business operations, policies, and programs and to pay Vendor Claims, on a postpetition basis in the ordinary course of business, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2 that this Court may decide by final order consistent with Article III of the United States Constitution; and this Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.


EXHIBIT "A"
1922312190422000000000021

the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and upon the record of the hearings held by the Court on the Motion; and after due deliberation this Court having determined that the legal and factual bases set forth in the Motion and at the hearings establish just cause for the relief granted herein, including (a) that the relief granted herein will provide a material net benefit to the Debtors' estates and creditors after taking into account the Bankruptcy Code's priority scheme and (b) that the procedures for determining the application of the relief granted hereby are calculated to result only in the payment of those claims to the extent necessary to the operation of the Debtors' business upon appropriate terms; and upon all of the proceedings had before this Court; and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion, to continue their prepetition business operations, policies, and programs and pay any accrued but unpaid prepetition Vendor claims on a postpetition basis in the ordinary course of business or as may be necessary to secure a vendor's agreement to continue business with the Debtors on Customary Trade Terms, up to the amount set forth for each category of Vendor Claims set forth in the Motion.

3. The Debtors shall maintain a matrix summarizing amounts paid on account of the Critical Vendor Claims subject to the terms of this Final Order, including the following information: (a) the name of the Critical Vendor paid; (b) the nature of the goods or services provided by each Critical Vendor; (c) the amount paid to each Critical Vendor (each a "Payment"); (d) the total amount paid to the Critical Vendor to date; (e) the Debtor or Debtors who made the Payment; (f) the date of the Payment; and (g) the purpose of the Payment. This matrix will be provided every week to the U.S. Trustee the Official Committee of Unsecured Creditors

(the "Committee"), and any other statutory committee appointed in these chapter 11 cases. The Debtors shall provide the U.S. Trustee, the advisors to the Committee, and any other statutory committee, and to the Court for an *in camera* review, with a complete list of the Debtors' Critical Vendors, as soon as reasonably practicable.

4.        To the extent the Debtors propose to make a payment that is materially inconsistent with the projected critical vendor payments set forth on the vendor matrix provided to the Committee, the Debtors will consult with counsel to the Committee regarding the proposed payment and provide counsel to the Committee, to the extent reasonably practicable, with three business days' advance notice of such payments (or as soon thereafter as reasonably practicable).

5.        Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the rights of the Debtors or the Committee to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights or the rights of any other person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

6.        The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized

and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order without any duty to inquire otherwise and without liability for following the Debtors' instructions.

7.      Notwithstanding anything in the Motion, the Interim Order, or this Final Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to, as applicable: (i) the orders approving the Debtors' use of cash collateral and/or post-petition debtor-in-possession financing facilities (collectively, the "DIP Orders"); (ii) the other documentation governing the Debtors' use of cash collateral and postpetition financing facilities; and (iii) the Budget (as defined in the DIP Orders).

8.      To the extent there is any inconsistency between the terms of any of the DIP Orders and this Final Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

9.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any of the prepetition claims.

10.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

13.     The Debtors and their affiliates are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion (including, without limitation, making copies of this Final Order, the Motion, and any materials or other information related thereto available in any local language in a jurisdiction in which the Debtors or their affiliates operate).

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated:  White Plains, New York
        April 22, 2019

                                        /s/Robert D. Drain
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE